IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VERNELL MCLEMORE,<br><br>               Petitioner,<br><br>   vs.<br><br>EARL HOUSER, Superintendent, Goose Creek Correctional Center,<br><br>               Respondent. | No. 3:21-cv-00111-JKS<br><br>ORDER OF DISMISSAL |

       On April 30, 2021, Vernell Mclemore, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. Mclemore challenges the 2015 judgment of conviction following his guilty plea entered by the Superior Court for the State of Alaska, Case Number 3AN-12-03518CR, on the following grounds: 1) excessive sentence; 2) deprivation of due process; 3) ineffective assistance of plea counsel; and 4) obstruction of justice. *Id.* at 5, 7, 8, 10.

       After reviewing the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court issued an Order to Show Cause ("OSC") on May 18, 2021, directing Mclemore to file a Response addressing the facial untimeliness of the Petition and whether there are grounds for equitable tolling. Docket No. 2. The OSC explained why the Petition was facially untimely and why the statutory tolling available did not render it timely. *Id.* at 2. The OSC laid

out the equitable tolling doctrine and expressly directed Mclemore to explain how the Petition is timely (if he so contends) and to provide any available competent evidence to establish such timeliness. *Id.* at 3-6. The deadline for Mclemore's response has now passed, and no submission has been received.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), there is a one-year limitations period in which a state prisoner may file a federal habeas petition challenging his or her state conviction:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ... or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

As noted in the OSC, Mclemore was convicted of second-degree murder in Case Number 3AN-12-03518CR on February 13, 2015. *See* https://records.courts.alaska.gov/ (*State v. Mclemore*, 3AN-12-03518CR). The state court records do not indicate that Mclemore appealed his conviction to the Alaska Court of Appeals.[1] His conviction therefore became final for purposes of 28 U.S.C. § 2244(d)(1)(A) 30 days later on March 16, 2015, when the time for filing such appeal expired. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006); *see also* ALASKA R. CRIM. PROC. 322.5(a)(1); ALASKA R. APP. PROC. 204(a)(1). He thus had one year from that date—or until March 16, 2016—to file a federal habeas petition challenging it.[2]

---

[1] Mclemore acknowledges in the Petition that he has not filed an appeal or petition for post-conviction review. A review of the state court dockets do not show that he has filed any such actions, and he has no pending cases in the Alaska Superior Court or any appellate court of this state.

[2] The AEDPA provides that "[t]his one-year limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review with

Mclemore did not file the instant Petition until April 30, 2021, more than five years after the deadline expired. *See* Docket No. 1.

Because Mclemore has not replied to the OSC, he does not demonstrate that equitable tolling applies, or that he is actually innocent of the crimes for which he was convicted. Mclemore's Petition therefore must be dismissed with prejudice as untimely. *See Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001) ("[W]hile the district court has the authority to raise the statute of limitations sua sponte and to dismiss the petition on those grounds, that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond.") (citations omitted).

**IT IS THEREFORE ORDERED:**

1. The Petition is DISMISSED WITH PREJUDICE for untimeliness.
2. All pending motions are DENIED as moot.
3. The Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.
4. The Clerk of Court is directed to issue a judgment accordingly.

Dated at Anchorage, Alaska this 28th day of June, 2021.

s/James K. Singleton, Jr.  
JAMES K. SINGLETON, JR.  
Senior United States District Judge

---

respect to the pertinent judgment or claim.'" *Mardesich v. Cate*, 668 F.3d 1164, 1169 (9th Cir. 2012). However, as noted in the OSC there is no record in the Alaska state courts indicating that Mclemore pursued a direct appeal or motion for post-conviction relief in the Alaska state courts.